Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000017
28-MAY-2019
09:35 AM

NO. CAAP-19-0000017

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FREE CHURCH OF TONGA-KONA, A Hawai'i Domestic Nonprofit
Corporation, Plaintiff-Appellee, v. CHURCH OF TONGA; ANYONE
CLAIMING BY, THROUGH, OR UNDER CHURCH OF TONGA; AND ALL
OCCUPANTS OF THE PROPERTY LOCATED AT 73-4303-A, HAWAI'I BELT
ROAD, TMK (3)7-3-004-006; DOE DEFENDANTS 1-30, Defendants-
Appellees, v. FELISE AUAEA, Real-Party-in-Interest-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CIVIL NO. 3RC18-1-105K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Non-Party/Appellant Felise Auaea's
(Auaea), pro se, appeal from the Honorable Margaret K. Masunaga's
December 4, 2018 judgment for possession in favor of Plaintiff-
Appellee Free Church of Tonga-Kona (Free Church of Tonga-Kona)
and against Defendant-Appellee Church of Tonga (Church of Tonga)
in Civil No. 3RC18-1-105K.  Auaea was not a party at the time
when the January 3, 2019 notice of appeal was submitted to the
circuit court clerk for filing.  Therefore, Auaea lacks standing
to appeal.

> Generally, the requirements of standing to appeal are:
> (1) the person must first have been a party to the action;
> (2) the person seeking modification of the order or judgment must have had standing to oppose it in the trial court; and
> (3) such person must be aggrieved by the ruling, i.e., the person must be one who is affected or prejudiced by the appealable order.

Abaya v. Mantell, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (citations and internal quotation marks omitted; emphasis in original).

Auaea also had no right to appear as an attorney on behalf of Church of Tonga in this litigation, because Auaea is not licensed to practice law in Hawai'i. It is not clear from Free Church of Tonga-Kona's March 21, 2018 complaint exactly what type of entity Church of Tonga is, but Church of Tonga appears to be an organization that is distinct from any individual member within it. Under HRS § 605-2 (2016) and HRS § 605-14 (2016), non-attorneys such as Auaea "are not permitted to act as 'attorneys' and represent other natural persons in their causes." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (citations and footnote omitted; original emphasis). "By the same token, non-attorney agents are not allowed to represent corporations in litigation, for a wholly unintended exception to the rules against unauthorized practice of law would otherwise result." Id. at 377, 590 P.2d at 574 (footnote omitted).

> Unlike lay agents of corporations, attorneys are subject to professional rules of conduct and are amenable to disciplinary action ... for violations of ethical standards. Therefore, attorneys, being fully accountable to the courts, are properly designated to act as the representatives of corporations.

Id. at 378, 590 P.2d at 574 (citation omitted); Reading International, Inc. v. The Malulani Group, Ltd., 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by counsel."). With respect to trusts, "[t]he general rule is that a trustee may not represent the trust in litigation unless, having the right sought to be enforced, he is the real party in interest." Tradewinds Hotel, Inc. v. Conchran, 8 Haw. App. 256, 265, 799 P.2d 60, 65 (1990). "Similar considerations apply to

2

partnerships, and have led most courts to conclude that a partnership may only appear in court through counsel." In re ICLNDS Notes Acquisition, LLC, 259 B.R. 289, 293-94 (Bankr. N.D. Ohio 2001); cf. Beamer v. Nishiki, 66 Haw. 572, 588, 670 P.2d 1264, 1276 (1983) ("Regardless of whether [a dissolved entity named] The Valley Isle was a corporation or partnership, therefore, [former stockholders or partners] Moore and Silva are real parties in interest and [the non-attorney dissolution trustee] Reed's attempt to appear on behalf of the dissolved The Valley Isle is actually an appearance on behalf of Moore and Silva. . . . Reed's activities thus constitute the unauthorized practice of law. Therefore, Reed, as trustee, will not be allowed to continue pro se in his practice of law representing The Valley Isle."). Similarly, regardless "whether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney." In re ICLNDS Notes Acquisition, LLC, 259 B.R. at 294.

If Church of Tonga is an unincorporated entity consisting of multiple members, it might fit the definition of a "nonprofit association" under HRS § 429-1 (2004):

> "Nonprofit association" means an unincorporated organization, other than one created by a trust, consisting of two or more members joined by mutual consent for a common, nonprofit purpose. However, joint tenancy, tenancy in common, or tenancy by the entireties does not by itself establish a nonprofit association, even if the co-owners share use of the property for a nonprofit purpose.

(Quoted in part). A nonprofit association is "a legal entity separate from its members for the purposes of determining and enforcing rights, duties, and liabilities in contract and tort." HRS § 429-6(a) (2004). HRS § 429-7 (2004), HRS § 429-10 (2004), HRS § 429-11 (2004) and HRS § 429-13 (2004) indicate that a nonprofit association has the legal capacity to assert or defend a legal cause of action in its name, separate and distinct from any one member within it. The same laws barring a non-attorney from representing another natural person, a corporation, a

3

partnership, a trust, or a limited liability company would also bar a non-attorney from representing a non-profit association.

In sum, a non-attorney such as Auaea is not allowed to represent another party in this litigation, regardless whether the other party is a natural person, a corporation, a partnership, a trust, a limited liability company, or an unincorporated organization. In fact, "[a]ny person violating sections 605-14 to 605-16 shall be guilty of a misdemeanor." HRS § 605-17 (2016). Absent an appeal by a party in the underlying case, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 28, 2019.


Chief Judge


Associate Judge


Associate Judge